**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN GLENN SNYDER,

        Petitioner - Appellant,

    v.

JOE ORTIZ; JOHN W. SUTHERS, the
Attorney General of the State of
Colorado,

        Respondents - Appellees.

No. 08-1128

(D. Colo.)

(D.C. No. 06-cv-001488-WYD)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.[**]

---

John Glenn Snyder, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his Writ of

Habeas Corpus petition pursuant to 28 U.S.C. § 2254. He has also filed a motion

to proceed in forma pauperis ("IFP") and a motion for appointment of counsel.

---

[*] This order and judgment is not binding precedent except under the
doctrines of the law of the case, res judicata and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* FED. R. APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Because the district court erred in dispensing of some of the claims on the merits, and some for failure to exhaust, we grant the application for COA, grant the motion to proceed IFP, deny the motion to appoint counsel, and reverse and remand.

## I.   BACKGROUND

Mr. Snyder is in the custody of the state of Colorado, having pled guilty to one count of sexual assault on a child by a person in a position of trust. He was sentenced to an indeterminate term of six years to life in prison, followed by an indeterminate term of ten years to life on mandatory parole. He did not file a direct appeal, and instead filed in state court a post-conviction motion challenging his conviction and sentence. The trial court denied the motion, and the Colorado Court of Appeals affirmed the denial. The Colorado Supreme Court denied Mr. Snyder's petition for writ of certiorari.

Mr. Snyder then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, which was initially dismissed as barred by the one-year limitation period. This Court reversed the order dismissing the action as time-barred and remanded the case back to the district court.

Mr. Snyder argues that he is entitled to habeas relief on four grounds, each ground having sub-parts. The district court parsed the claims in the following way:

2

1. Counsel was ineffective [a] by failing to have Mr. Snyder's offense date specified in the plea agreement; [b] by failing to advise Mr. Snyder of the effect of a new sentencing law; [c] by failing to object at sentencing on the grounds that Mr. Snyder's guilty plea had not been accepted; and [d] by failing to introduce character witnesses at sentencing.

2. Mr. Snyder's sentence is illegal [a] because he was sentenced pursuant to the wrong statutory sentencing scheme; [b] because the trial court never accepted his guilty plea; and [c] because his mandatory parole is illegal under Colorado law.

3. Mr. Snyder's guilty plea was not knowing, voluntary, and intelligent [a] because he was not advised of the applicable sentencing scheme; [b] because he was not advised of the requirements of the prison sex offender treatment program; and [c] because the trial court never accepted his guilty plea.

4. The trial court abused its discretion [a] by imposing sentence without accepting Mr. Snyder's guilty plea; [b] by sentencing Mr. Snyder under the wrong statutory sentencing scheme; and [c] by making erroneous findings in connection with the denial of Mr. Snyder's Rule 35 [Colorado state court post-conviction] motion.

Rec., doc. 39, at 3 (Dist. Ct. Order, filed March 19, 2008).

On remand, the district court found that some of Mr. Snyder's claims were procedurally barred because he had not exhausted his state court remedies. The district court further rejected the remaining claims on the merits, and denied the application for habeas relief. He timely appealed and filed an application for a COA, a motion to proceed IFP, and a motion for the appointment of counsel.

## II. DISCUSSION

Mr. Snyder must obtain a COA in order to challenge the district court's

dismissal of his habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Snyder must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

The district court found that Mr. Snyder is procedurally barred from challenging his sentence under § 2254 as to some of his subclaims. When a district court denies a habeas petition on procedural grounds a COA should issue only if reasonable jurists would find it debatable both that "the petition states a valid claim of the denial of a constitutional right" and "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Snyder proceeds pro se, we construe his pleadings liberally. *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

## A. Procedural bar

"Congress has emphatically directed us that habeas petitioners seeking

4

relief in federal court must first exhaust all available state court remedies – that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)). Mr. Snyder bears the burden of showing he has met the exhaustion requirement. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A petitioner can show he has exhausted state court remedies if the federal constitutional issue has been presented to the highest state court, either on direct appeal or in a post-conviction challenge. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). We will first address whether Mr. Snyder has met his burden of showing he has exhausted all of his claims in state court.

1. Claim one – Ineffective assistance of counsel

Mr. Snyder raises four subclaims under the banner of ineffective assistance. Specifically, he argues that his counsel denied him effective representation by failing to: (a) have his offense date specified in the plea agreement; (b) advise him of the effect of a new sentencing law; (c) object at sentencing on the grounds that his guilty plea had not been accepted; and (d) introduce character witnesses at sentencing. Although Mr. Snyder did exhaust claims 1(a) and 1(b) in state court, we agree with the district court and hold that he did not exhaust his state

court remedies as to claims 1(c) and 1(d).

2. Claim two – Illegal sentence

Mr. Snyder raises three subclaims regarding the argument that his sentence is illegal, specifically that: (a) he was sentenced pursuant to the wrong statutory scheme; (b) the trial court never accepted his guilty plea; and (c) his mandatory parole is illegal. Although Mr. Snyder did exhaust claim 2(a) in state court, we agree with the district court and hold that he did not exhaust his state court remedies as to claims 2(b) and 2(c).

3. Claim three – The plea was not knowing, voluntary, and intelligent

Mr. Snyder raises three subclaims with respect to his argument that his plea was not knowing, voluntary, and intelligent. Specifically he argues: (a) he was not advised of the applicable sentencing scheme; (b) he was not advised of the requirements of the prison sex offender treatment program; and (c) the trial court never accepted his guilty plea. Although Mr. Snyder did exhaust claim 3(a) in state court, we agree with the district court and hold that he did not exhaust his state court remedies as to claims 3(b) and 3(c).

4. Claim four – Trial court's abuse of discretion

Mr. Snyder raises three final subclaims that the trial court abused its discretion by: (a) imposing his sentence without accepting his guilty plea; (b) sentencing him under the wrong statutory scheme; and (c) making erroneous

6

findings in connection with the denial of his post-conviction motion for relief. We agree with the district court that whether or not Mr. Snyder exhausted these claims at the state court level, claims 4(a), 4(b), and 4(c) should all be dismissed since Mr. Snyder does not assert the violation of a federal constitutional right in connection with the claim.

## B. Procedure for a "mixed" petition

When a district court is faced with a "mixed" petition – i.e., one containing some exhausted and some unexhausted claims –, as here, the court has two options. One option for the court to require petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner meeting AEDPA's one-year filing requirement, and "if there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter, but rather issue a stay and abeyance of the petition while the petitioner exhausts his state court remedies.).

A district court's second option is to deny the entire petition on the merits, notwithstanding the failure to exhaust. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

7

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The theory behind the latter approach is that even if the petitioner failed to exhaust, it might not be worth their/counsel's/the court's time to have them exhaust in state court and then re-file the habeas petition, if the claims are patently without merit. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (discussing the legislative history underlying AEDPA).

The court has two distinct options, but it cannot choose a little of both, as occurred in this case without objection from either party. The district court did not address all of Mr. Snyder's claims on the merits, but only those that had been properly exhausted. As in *Moore*, "it pursued a hybrid disposition . . . . [T]his approach is both unauthorized by § 2254(b)(2) and potentially fatal to petitioner's ability to re-assert his unexhausted claim after exhaustion." 288 F.3d at 1232. For that reason, we must reverse and remand to the district court to choose one of the two valid approaches.

## III. CONCLUSION

Accordingly, we GRANT Mr. Snyder's application for a COA, GRANT his motion to proceed IFP, DENY his motion for appointment of counsel, and

8

REVERSE AND REMAND the matter.

Entered for the Court


Robert H. Henry
Chief Circuit Judge