FILED
United States Court of Appeals
Tenth Circuit

June 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN GLENN SNYDER,

        Petitioner - Appellant,

v.

JOE ORTIZ, and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 08-1408
(D. Colorado)
(D.C. No. 06-CV-01488-WYD)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Petitioner, John Glenn Snyder, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of the application for

writ of habeas corpus he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

disposing of a § 2254 application unless the petitioner first obtains a COA).

Because Snyder has not "made a substantial showing of the denial of a

constitutional right," this court **denies** his request for a COA and **dismisses** this

appeal. *Id*. § 2253(c)(2).

In 2002, Snyder was charged with one count of sexual assault on a child by

a person in a position of trust and one count of sexual assault on a child by a person in a position of trust–pattern of abuse. Pursuant to the terms of a written plea agreement, he pleaded guilty to sexual assault on a child by a person in a position of trust and the remaining charge was dismissed. The plea agreement set out the possible penalties for the offense of conviction: (1) an indeterminate term of four years' to life imprisonment or (2) in lieu of a sentence of imprisonment, an indeterminate term of probation from ten years to life. The trial court sentenced Snyder to an indeterminate term of six years' to life imprisonment.

Snyder sought post-conviction relief pursuant to Rule 35 of the Colorado Rules of Criminal Procedure. His Rule 35 motion was premised on his assertion that the sexual assault incident to which he pleaded guilty occurred before November 1, 1998, and, thus, he should not have been sentenced pursuant to the Lifetime Supervision of Sex Offenders Act. After an evidentiary hearing at which Snyder sought to develop a factual basis for his allegations, the state court denied relief. The Colorado Court of Appeals affirmed the judgment of the state district court, rejecting Snyder's claims that (1) his sentence was illegal and violated ex post facto principles because the Lifetime Supervision of Sex Offenders Act only applies to offenses committed after November 1, 1998; (2) the trial court abused its discretion by denying his Rule 35(b) motion for reconsideration of his sentence; (3) the trial court erred by denying his Rule 35(c) motion and request to withdraw his guilty plea because it was not entered into knowingly and

voluntarily; and (4) the trial court erred in concluding he did not receive ineffective assistance of counsel.

Snyder filed the instant § 2254 application on August 1, 2006. The district court denied relief on October 7, 2008.[1] This court cannot grant Snyder a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Snyder has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Snyder is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

---

[1]Snyder sought and received a COA from this court on August 4, 2008. *Snyder v. Ortiz*, 288 Fed. App'x 505, 509 (10th Cir. 2008). On remand, the district court disposed of Snyder's claims on the merits.

In his counseled appellate brief, Snyder raises four issues.[2] He first challenges the district court's disposition of his ineffective assistance of counsel claims, arguing counsel's failure to specify the date of the offense in the plea agreement resulted in his being sentenced pursuant to the harsher provisions of the Lifetime Supervision of Sex Offenders Act. As to this claim, the Colorado Court of Appeals concluded Snyder failed to show he was prejudiced by counsel's alleged deficient performance because

> there was no evidence in the record that the prosecution would have offered a plea deal under the pre-November 1, 1998 sentencing scheme or any other more favorable plea that would have included the possibility of probation. Moreover, there is no evidence in the record that, but for counsel's alleged errors, defendant would have chosen to go to trial instead of pleading guilty.

The court of appeals concluded the record supported the state trial court's finding that Snyder "would have selected the plea bargain which was offered to him in order to take advantage at least of the possibility of probation." Applying *Strickland v. Washington*, 466 U.S. 668 (1984), and the standards set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court concluded the Colorado courts' adjudication of Snyder's ineffective assistance

_____

[2]Snyder also argues the district court abused its discretion by refusing to hold an evidentiary hearing on his ineffective assistance of counsel claims. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). He argues the lack of an evidentiary hearing in federal court deprived him of the opportunity to "substantiate the substandard performance provided by counsel." There is no merit to this argument. Snyder was granted an evidentiary hearing by the Colorado state court and his claims can be resolved by reference to the state court record. *See id*.

claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The record fully supports the correctness of the district court's disposition of this claim.

Snyder next challenges the district court's conclusion that the Colorado Court of Appeals' adjudication of his ex post facto claim was not contrary to nor an unreasonable application of clearly established federal law. Applying the *Miller-El* standard, we discern no basis upon which to grant Snyder a COA on this claim. The Colorado Court of Appeals noted that the information charged Snyder with conduct occurring between January 1998 and November 30, 1999, and he entered a guilty plea to that charge. Thus, he "admitted to incidents, by way of his guilty plea, that occurred after November 1, 1998," foreclosing his ex post facto arguments. Although Snyder argues the sexual assault to which he pleaded guilty occurred prior to November 1, 1998, the state court found otherwise and there is ample support for that finding in the record.

Snyder also seeks a COA on the claim his guilty plea was not knowing and voluntary. Once again, he cannot meet the standard for the grant of a COA, failing to overcome the presumption that the state court's findings relating to this claim are correct. *See* 28 U.S.C. § 2254(e)(1). Snyder's remaining argument, that he properly raised federal constitutional claims in connection with his challenge to the adjudication of his Rule 35 motion, is foreclosed by this court's

prior opinion in this matter. *Snyder v. Ortiz*, 288 Fed. App'x 505, 508-09 (10th Cir. 2008).

This court has reviewed Snyder's application for a COA and appellate brief, the district court's order, and the entire record on appeal, including the transcript of the state evidentiary hearing, pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Snyder is not entitled to a COA. The district court's resolution of Snyder's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Snyder has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Snyder's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge