FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JASON P. HINZO,

      Petitioner - Appellant,

v.

GEORGE TAPIA, Warden; GARY K.
KING, Attorney General of the State
of New Mexico,

      Respondents - Appellees.

No. 10-2043
(D.C. No. 1:09-CV-00489-MCA-LFG)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

      Petitioner-Appellant Jason Hinzo, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his

habeas petition on the ground that it was a mixed petition, containing both

exhausted and unexhausted claims. See 28 U.S.C. § 2254(b) (exhaustion

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

requirement); <u>Rhines v. Webber</u>, 544 U.S. 269, 273 (2005) (summarizing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>see</u> <u>also</u> <u>Allen v. Zavaras</u>, 568 F.3d 1197, 1201 n.7 (10th Cir. 2009) (discussing mixed petitions and <u>Rhines</u>).  Because the district court erred in dismissing some of the claims with prejudice on the merits and others without prejudice for failure to exhaust, we grant a COA, reverse, and remand.

Mr. Hinzo instituted this 28 U.S.C. § 2254 action to challenge his New Mexico state court conviction.  He alleged, inter alia, ineffective assistance of counsel, due process violations, and improper sentence enhancements.  R. 5-13. In total, Mr. Hinzo raised nineteen grounds for relief.  R. 5-13, 370-71.  He raised one of these grounds on direct appeal and sought review of the state appellate court's decision.  R. 61-65 (Court of Appeals), 117 (Supreme Court).  He raised one of these grounds in state court in a motion to amend his judgment and sentence.  R. 22-24.  The motion was denied, and Mr. Hinzo did not seek certiorari.  R. 22-24.  He raised eleven of these grounds in his state habeas petition, which was dismissed by the state district court.  R. 345-49.  Again, Mr. Hinzo did not seek certiorari.  Six of the claims were never presented to New Mexico state courts.

The magistrate judge concluded that only one of the claims had been properly exhausted.  R. 371.  Because Mr. Hinzo failed to demonstrate cause and prejudice or a fundamental miscarriage of justice for failure to exhaust twelve of

his claims, see Hale v. Gibson, 227 F.3d 1298, 1328 (10th Cir. 2000), the magistrate judge recommended that they be dismissed with prejudice as procedurally barred. R. 370-72. Noting that Mr. Hinzo had not indicated that he would like to proceed on the single exhausted claim despite being given several opportunities to do so, the magistrate judge recommended dismissing that claim also. R. 370. The district court adopted the magistrate's report and recommendation and dismissed the petition. R. 410-413. The claims found to be procedurally barred were dismissed with prejudice; all other claims were dismissed without prejudice. R. 412-13.

A COA is a jurisdictional prerequisite to our review, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003), and we may issue one "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). In addition, where a district court denies a petition on procedural grounds, a COA will issue only when the district court's procedural ruling is reasonably debatable. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the district court's procedural ruling is in error, and we are persuaded that the appropriate course is to grant a COA, reverse, and remand as we have done before. See Snyder v. Ortiz, 288 F. App'x 505, 509 (10th Cir. 2008).

Exhaustion of state court remedies is normally required. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the

conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Hinzo failed to exhaust most of his claims by not seeking certiorari from the denial of post-conviction remedies. He also failed to raise six of his claims before any New Mexico state court. Therefore, he did not exhaust these claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (federal courts may not grant habeas unless the prisoner has "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Mr. Hinzo, however, presented one properly exhausted claim in his habeas petition.

Because Mr. Hinzo's petition includes both an exhausted claim and claims that have never been raised in state court, the conclusion that his petition is mixed is not reasonably debatable. "[A] district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235-36 (10th Cir. 2002). Our precedent provides "that it is the entire petition that must be resolved on the merits, not just individual non-exhausted claims." Id. at 1235. Here, the court pursued a hybrid approach—dismissing some claims with prejudice (a disposition on the merits) and others without prejudice. While the court could have denied the entire petition on the merits had it deemed that Mr. Hinzo's unexhausted claims were patently meritless, Moore forecloses the sort of hybrid

- 4 -

approach adopted here.  <u>Id.</u> at 1235-36 ("There is no authorization to adopt the hybrid approach the district court pursued in this case.").  The district court must choose one of the two valid approaches.

Accordingly, we GRANT a COA, and REVERSE AND REMAND for further proceedings.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
