**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD ALLEN,

　　　　Petitioner - Appellant,

v.

TOM CLEMENTS; JOHN SUTHERS,
Attorney General of the State of
Colorado,

　　　　Respondents - Appellees.

No. 11-1285
(D.C. No. 11-CV-00657-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

　　　　Edward Allen (Clutts), a state inmate appearing pro se, seeks to appeal

from the district court's judgment in favor of Respondents-Appellees on his 28

U.S.C. § 2254 habeas petition. The district court dismissed the action as time-

barred. 28 U.S.C. § 2244(d).

---

　　　[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

　　　[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

The charges in this case arose in April 2003, when Mr. Allen's 17-year-old step-daughter, C.B., reported that Mr. Allen had sexual relations with her from age 8. Doc. 15, exh. B. at 1. During the course of the investigation, detectives learned that Mr. Allen had also had sexual relations with M.W., a teenage friend of C.B. Id. Mr. Allen was charged with sexual assault on a child by one in position of trust (victim less than 18 years of age) and sexual assault on a child by one in position of trust (victim less than 15 years of age). Id. The two cases were joined for trial, and the jury convicted Mr. Allen on both counts. Doc. 15, exh. D at 1. He was sentenced to concurrent terms of 10 years to life on each count, followed by mandatory lifetime parole. Id.

On direct appeal, the state court of appeals affirmed the convictions in a lengthy opinion but remanded for resentencing on one of the counts. 1 R. 260-90. The state supreme court denied certiorari. Mr. Allen was resentenced on April 7, 2008. He filed this federal habeas petition on March 16, 2011, and on April 18, 2011, filed an amended petition setting forth eleven claims. The magistrate judge ordered the Respondents to file a Pre-Answer Response addressing affirmative defenses including timeliness and exhaustion and also provided that Mr. Allen could respond. 1 R. at 30. The Pre-Answer response was filed on May 13, 2011, and reflects a certificate of service. 1 R. 65. Mr. Allen maintains, however, that he did not receive a copy of the Pre-Answer response and the district court ruled on the affirmative defenses without a response from him with respect to the one-

year limitation period, exhaustion of state court remedies, or equitable tolling. See Doc. 19; Aplt. Br. at 3. His Motion for Leave for Discovery, filed shortly following dismissal, is corroborative of this assertion. See Doc. 18.

The district court ruled on procedural grounds without considering the merits of Mr. Allen's petition or, apparently, his failure of process claim. The court concluded that the action was barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) because more than a year had passed since Mr. Allen's convictions became final on May 22, 2008, when the time to file a notice of appeal expired following his resentencing on April 7, 2008. Doc. 16 at 5. The court noted that Mr. Allen had failed to respond to the Pre-Answer Response but did not address his later claim that he did not receive it. See id. at 1-2; Doc. 19. In an abundance of caution we conclude the appropriate course is to grant a certificate of appealability ("COA"), reverse, and remand so that the district court may revisit the issue and address the arguments raised by Mr. Allen, including any potential claim of actual innocence. See, e.g., United States v. Espinoza, 2010 WL 4912312 (10th Cir. Dec. 3, 2010); Hinzo v. Tapia, 378 F. App'x. 857 (10th Cir. 2010).

Accordingly, we GRANT Mr. Allen's pending motion asking for leave to proceed in forma pauperis ("IFP"), GRANT a COA, REVERSE, and REMAND with instruction for the district court to consider Mr. Allen's failure of service

claim in the first instance.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge