**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD ALLEN,

        Petitioner−Appellant,

v.

TOM CLEMENTS; JOHN SUTHERS,
Attorney General of the State of
Colorado,

        Respondents−Appellees.

No. 11-1541
(D.C. No. 1:11-CV-00657-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

        Edward Allen, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition.

We deny a COA and dismiss the appeal.

**I**

        Allen was convicted on two counts of sexual assault of a minor and sentenced to

---

       [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concurrent terms of imprisonment ranging from ten years to life.  On direct appeal, the Colorado Court of Appeals affirmed his conviction but remanded for resentencing on one of the counts.  The Colorado Supreme Court declined to review his case and he was resentenced on April 7, 2008.  He did not appeal his resentencing.

Prior to resentencing, Allen filed an original application for post-conviction relief in the Colorado Supreme Court.  That court, however, summarily denied Allen's application on the same day it was filed.

Allen then filed a habeas petition in federal court.  He asserted that he had raised most of his claims to the state courts on direct review and that he had raised an additional claim in his original petition for post-conviction relief before the Colorado Supreme Court.  The district court dismissed his petition without prejudice for failure to exhaust state court remedies.  This court affirmed, concluding that a post-conviction claim presented in an original application to the Colorado Supreme Court is not exhausted if that court refuses to consider it.  Allen v. Zavaras, 568 F.3d 1197, 1202-03 (10th Cir. 2009) (relying on Castille v. Peoples, 489 U.S. 346 (1989), and Parkhurst v. Shillinger, 128 F.3d 1366 (10th Cir. 1997)).

On July 6, 2009, Allen filed an application for post-conviction relief in state district court.  That application was denied, and the denial was affirmed on appeal.

Allen then returned to federal court, and filed the present habeas petition on March 16, 2011.  The Colorado respondents argued in a pre-answer response that Allen's

petition was untimely. Allen did not file a reply to the pre-answer response, and the court dismissed the action as time-barred. Allen appealed this decision, claiming that he had never been served with the pre-answer response.

In light of Allen's claim of process failure, this court granted a COA, vacated the district court's dismissal, and remanded with the instruction to "revisit the issue and address the arguments raised by Mr. Allen, including any potential claim of actual innocence." Allen v. Clements, 433 F. App'x 674, 675-76 (10th Cir. 2011) (unpublished). On remand, the Colorado respondents served Allen with a copy of their pre-answer response, and Allen filed a reply. Concluding that Allen was not entitled to equitable tolling or any other exception to § 2244's one-year statute of limitations, the district court once again dismissed the petition.

**II**

Allen's habeas petition is subject to a one-year statute of limitations, which begins to run upon "conclusion of direct review or the expiration of time for seeking such review" in the absence of three exceptions not applicable here. 28 U.S.C. § 2244(d). After partial success on appeal, Allen was resentenced on April 7, 2008. He had forty-five days to appeal from that resentencing, but he declined to do so. See Colo. App. R. 4(b). Thus, his convictions became final on May 22, 2008.

As a preliminary matter, we see no basis for statutory tolling. Allen is not entitled to tolling for the period in which his first federal habeas petition was pending. Duncan v.

Walker, 533 U.S. 167, 181-82 (2001) (federal habeas petitions do not toll the limitations period under 28 U.S.C. § 2244(d)(2)).  However, properly filed state post-conviction petitions can toll the one-year limitations period.  § 2244(d)(2).  Yet Allen did not seek state post-conviction relief until July 9, 2009, more than one year after his convictions became final.  His petition is thus untimely.

Allen argues that his case warrants equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Allen explains his untimely filing by claiming ignorance of the laws governing habeas petitions.  Specifically, he argues that he did not know about the one-year statute of limitations, the exhaustion requirements, or the procedures for seeking post-conviction relief in Colorado courts.  We have held, however, that ignorance of the law does not constitute "extraordinary circumstances," even if a petitioner is proceeding pro se.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Allen also asserts that the attorney that represented him in his first federal habeas proceeding erroneously advised him that he exhausted his state remedies by filing the original application for post-conviction relief with the Colorado Supreme Court.  In order for an attorney's mistake to entitle the petitioner to equitable tolling, it must rise to the

level of "egregious misconduct"; normal attorney negligence is insufficient. <u>Fleming v. Evans</u>, 481 F.3d 1249, 1256 (10th Cir. 2007). The misadvice allegedly offered by Allen's attorney was negligent, but in no way extraordinary.

A claim of actual innocence can also entitle a petitioner to equitable tolling. <u>Lopez v. Trani</u>, 628 F.3d 1228, 1230-31 (10th Cir. 2010). Although a petitioner is not required to show he has diligently pursued his actual innocence claim, <u>id.</u> at 1231, he must submit "new reliable evidence" suggesting innocence, <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). Further, a petitioner is entitled to relief only if "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u> at 327. Allen has not met the threshold requirement of presenting new exculpatory evidence to the habeas court.

### III

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Allen's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge